09-0783-ag
Valdez-Munoz v. Holder

BIA
Nelson, IJ
A099 678 222
A099 678 223
A094 824 813

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> REENA RAGGI,
> *Circuit Judges*.

_____

DINA YANCI VALDEZ-MUNOZ, FERNANDO
PEREZ VILLALOBOS, FERNANDO ALEXIS
PEREZ VALDEZ,
> *Petitioners*,

v.                                              09-0783-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Jeffrey E. Baron, Baron, Mundie &
                         Shelkin, PC, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Civil Division; Luis E.
                         Perez, Senior Litigation Counsel;
                         Joseph D. Hardy, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioners Dina Yanci Valdez-Munoz, Fernando Perez Villalobos, and Fernando Alexis Perez Valdez, natives and citizens of El Salvador, seek review of a January 30, 2009 order of the BIA affirming the May 18, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Valdez-Munoz*, Nos. A099 678 222, A099 678 223, A094 824 813 (B.I.A. Jan. 30, 2009), *aff'g* Nos. A099 678 222, A099 678 223, A094 824 813 (Immig. Ct. N.Y. City May 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The IJ's finding that

Villalobos failed to establish a particular social group comprised of Salvadoran individuals who have testified against organized crime is supported by substantial evidence.

In arguing that he has demonstrated the requisite visibility necessary to establish membership in a particular social group under the INA, Villalobos relies primarily on language from *Matter of C-A-*, 23 I&N Dec. 951, 960 (BIA 2006), in which the BIA, in analyzing whether confidential informants were a particular social group, noted that "[r]ecognizability or visibility is limited to those informants who are discovered because they appear as witnesses or otherwise come to the attention of cartel members." Villalobos's reliance on this language, however, is misplaced. Despite recognizing that informants who appear as witnesses are visible to their potential persecutors, the BIA ultimately concluded that neither confidential nor non-confidential informants could establish membership in a particular social group. *See Matter of C-A-*, 23 I&N at 960. In *Ucelo-Gomez v. Mukasey*, we noted that, "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary

3

criminals rather than to persecution, the scales are tipped away from considering those people 'a particular social group' within the meaning of the INA." 509 F.3d 70, 73 (2d Cir. 2007). Given the 2005 Country Reports on Human Rights Practices for El Salvador which indicate a countrywide problem with the "intimidation of victims and witnesses [which] made it difficult to identify, arrest, and prosecute criminals," the IJ reasonably found that Villalobos "has not demonstrated that his problem is anything other than a fear of [reprisal] for having been a witness against criminals in a murder trial."

Villalobos has therefore failed to present evidence that "any 'group,' as actually perceived" by the criminals he testified against, "is much narrower than the general population" of El Salvador. *Matter of C-A-*, 23 I&N at 961. We therefore find no error in the IJ's determination that Villalobos's fear was based on nothing more than possible retribution from the individuals against whom he testified, which does not qualify as a protected ground under the INA. *See Ucelo-Gomez*, 509 F.3d at 73; *Matter of C-A-*, 23 I&N at 961.

Because Villalobos's claims for asylum and withholding

4

of removal share the same factual predicate, his claim for withholding of removal necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5